THIRD DEPARTMENT, FEBRUARY, 1998

(February 5, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD RORABACK, Also Known as DONALD REED, Also Known as TOM REED, Appellant. [668 NYS2d 781] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 6, 1995 in Sullivan County, upon a verdict convicting defendant of the crimes of robbery in the first degree, burglary in the first degree, burglary in the second degree, grand larceny in the third degree and petit larceny.

The facts giving rise to this appeal are set forth in our prior decision (242 AD2d 400). There, we affirmed defendant's convictions of the crimes of robbery in the first degree, burglary in the first degree and petit larceny, and withheld decision on the remaining convictions pending remittal to Supreme Court to conduct a posttrial *Frye* hearing on the reliability and admissibility of Fourier Transform Infrared Spectroscopy (hereinafter FTIR), a method of molecular analysis which compares the major chemical component of a material based on its characteristic infrared spectrum against the infrared spectrum of a known standard with the aid of computer-generated graphs in order to identify it. The hearing has been held (*see, People v Roraback*, Sup Ct, Sullivan County, Nov. 18, 1997, Lamont, J.) and the record fully supports Supreme Court's finding that FTIR analysis is generally accepted in the scientific community as a reliable scientific procedure.

In light of this conclusion, we hold that Supreme Court had a proper basis upon which to admit the testimony of State Police Forensic Scientist Charles Pompa. His testimony concluded that cement dust samples taken from various locations at the crime scene including bungalows 174 and 180, from the victims' safe and from tools recovered from defendant's van were all consistent with safe lining cement which could have come from the victims' safe.

Accordingly, we find the evidence legally sufficient to sustain defendant's convictions upon the remaining charges of burglary in the second degree and grand larceny in the third degree under counts 11 and 12 of the indictment, respectively.

Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.